# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VIVIAN M. JONES,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 2:18-00262-KD-N |
|  | ) |
| LEE PAYSSA, *et al.*,<br>    Defendants. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 9) filed by Defendants Lee Payssa and Stephen Smith. The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/3/2018 electronic referral). Seven days after the deadline to do so (*see* Doc. 13), Plaintiff Vivian M. Jones filed a response to the motion, in which she "concurs that Defendants Lee Payssa and Stephen Smith should be dismissed from this action." (Doc. 18). The motion is now under submission. (*See* Doc. 13).

The SAC (Doc. 3), the operative pleading in this action, alleges a single cause of action against all Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), arising from Jones's termination from her job with Defendant Globe Specialty Metal, Inc. a/k/a Ferroglobe/Globe Metallurgic, Inc. ("GSM"). Per the SAC, Payssa and Smith are, respectively, a human resource director and a plant manager for GSM.[1] "The relief granted under Title VII is against the

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts

*employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). *Accord Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Hinson v. Clinch Cty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam). Therefore, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby*, 931 F.2d at 772. *Accord Hinson*, 231 F.3d at 827 ("The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer."); *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992) ("[B]oth this court and the Fifth Circuit have held that Title VII actions … may be brought only against individuals in their official capacity and/or the employing entity.").

Here, Jones has already named her employer, GSM, as a defendant in this Title VII action, and she does not claim that Payssa and Smith are being sued in their supervisory/official capacities.[2] As such, Payssa and Smith are correct that the SAC is due to be dismissed against them under Rule 12(b)(6) because they are not individually liable to Jones under Title VII. Accordingly, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned **RECOMMENDS** that the Payssa and Smith's Rule 12(b)(6) motion to dismiss (Doc. 9) be **GRANTED** and that the claims against them in the SAC be **DISMISSED with prejudice**.

---

that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013).

[2] Even if she were, such claims would be redundant of the Title VII claim against GSM.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24**th** day of July 2018.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**