# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VIVIAN M. JONES, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 2:18-00262-TFM-N |
| | ) |
| LEE PAYSSA, *et al.*, | ) |
|    Defendants. | ) |

## **MEMORANDUM OPINION & ORDER**

On February 26, 2019, the Court endorsed granted the second motion for a protective order under Federal Rule of Civil Procedure 26(c) (Doc. 60) filed by Globe Specialty Metal, Inc. a/k/a Ferroglobe/Globe Metallurgic, Inc. and Ferroglobe Metallurgic, Inc. (collectively, "Ferroglobe"), with a notation that a written decision was to follow as soon as was practicable. (*See* Doc. 61).[1] The Court will herein explain its reasoning in granting the motion.[2]

Under Federal Rule of Civil Procedure 30(b)(1), the Plaintiff noticed the deposition of Stephen Smith for February 27, 2019, beginning either at 1:00 p.m. or immediately after another deposition concluded. (*See* Doc. 60-1). Said notice also requested that Smith produce at the deposition copies of the personnel files of certain employees and former employees of Ferroglobe. Ferroglobe objects to the document production

---

[1] The assigned District Judge referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/26/2019 electronic reference).

[2] The Court denied Ferroglobe's prior motion for a protective order without prejudice due to its failure to include a good-faith conferencing certification required by Rule 26(c)(1) and the Court's scheduling order. (*See* Docs. 57, 59). Ferroglobe's present motion contains a sufficient good-faith conferencing certification in paragraph 1.

request, as well as any attempt by the Plaintiff to treat Smith as Ferroglobe's Rule 30(b)(6) representative.

Under Federal Rule of Civil Procedure 30(b)(6), "[i]n [a deposition] notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Ferroglobe represents that the Plaintiff "has not served a 30(b)(6) deposition notice" (Doc. 60), and nothing in the record contradicts that statement. While the Plaintiff claims that Rule 30(b)(6) "is not our situation" and that "[t]here is no need to designate a company representative" (Doc. 58 at 2 – 3), the notice of deposition expressly references Rule 30(b)(6) in its opening paragraph and demands that Smith produce documents that belong to Ferroglobe. Under the plain terms of Rule 30(b)(6), the ability to designate its testifying representatives rests with Ferroglobe, not with the Plaintiff. Thus, to the extent the Plaintiff's notice attempted to make the designation for Ferroglobe, the Plaintiff's action was improper, and Smith is not to be treated as a Rule 30(b)(6) representative for Ferroglobe at the scheduled deposition.

Under Federal Rule of Civil Procedure 30(b)(2), a "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."[3] Under both Rule 34 and the Court's scheduling order (Doc. 32, as

---

[3] Smith was named as a defendant in this action but was later dismissed under Federal

modified by Doc. 44), a party that is served with a Rule 34 request for production is allowed 30 days after service to respond.[4] The deposition notice for Smith is postmarked as mailed February 19, 2019. (*See* Doc. 60-1 at 3). Therefore, requiring Smith to produce documents at the deposition noticed for February 27 does not give Smith the full time to which he is entitled to respond to the Plaintiff's request for production in the deposition notice.[5] Accordingly, Smith is not required to produce any of the documents requested in the deposition notice at the February 27 deposition.[6]

For the foregoing reasons, the Court granted Ferroglobe's second motion for a protective order (Doc. 60). (*See* Doc. 61). Because the motion was granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose

---

Rule of Civil Procedure 12(b)(6). (*See* Doc. 24). Nevertheless, Ferroglobe's motion continues to treat Smith as a "party deponent" (*see* Doc. 60 at 5). The undersigned assumes, without deciding, that this position is correct for purposes of the present motion. Even if Smith should be considered a non-party deponent, the result on the present motion would not change. Under Rule 30(b)(2), a subpoena duces tecum is required to compel non-party deponents to produce documents at a deposition. No such subpoena was issued against Smith.

[4] While a "shorter…time may be stipulated to under Rule 29 or be ordered by the court[,]" Fed. R. Civ. P. 34(b)(2)(A), neither of these has occurred.

[5] Moreover, the request for production included in the deposition notice appears duplicative of a request of production served on Ferroglobe on February 15, 2019. (*See* Doc. 60-4). The time for Ferroglobe to respond to that request will also not have run by the time of Smith's deposition.

[6] Ferroglobe also claims that Smith "has no ownership interests in the personnel files requested and has no authority to produce the documents sought." (Doc. 60 at 6). However, the Plaintiff asserts that Smith "is the plant manager of the Plant of Globe Facility in Dallas County[, and a]s such plant manager, all matters are under his supervision and he can provide said files at the deposition." (Doc. 58 at 2). Under Rule 34, a request for production may be made on a party for items in that party's "possession, custody, or control…" Fed. R. Civ. P. 34(a)(1). Because this issue is underdeveloped in the briefing, and because it is unnecessary to decide it in ruling on the present motion for protective order, the undersigned expresses no opinion herein on this issue.

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless the Court finds "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). *See also* Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses" for motions for protective orders). Upon consideration, Ferroglobe must file and serve a motion for such an award, containing any evidence and argument Ferroglobe deems necessary to show both the amount and reasonableness of the expenses requested, and entitlement thereto, no later than **Wednesday, March 13, 2019**. Ferroglobe's failure to timely file such a motion will be deemed a waiver any entitlement to an award under Rule 37(a)(5) in connection with the present matter. If such a motion is timely filed, the Court will set a briefing schedule in due course to give the Plaintiff and/or her counsel an opportunity to be heard on the motion.

**DONE** and **ORDERED** this the 27th day of February 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**